**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAVIER H. NOVAS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:07-0963** |
| v. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **JANINE DONATE, Warden;** | : | |
| **BARBARA FOX; TIMOTHY BETTI,** | | |
| Associate Warden; and **CAPTAIN** | : | |
| **CHIARELLI,** | | |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION

On May 25, 2007, the plaintiff, an inmate at the Lackawanna County Prison, Scranton, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983 in which he alleges violations of his constitutional rights. (Doc. No. 1). On the same day, the plaintiff filed an application to proceed *in forma pauperis*, (Doc. No. 2), and the proper authorization form. (Doc. No. 3). Along with his complaint, the plaintiff filed a Motion for Summary Judgment and a Brief in support. (Doc. Nos. 4 and 5).

On May 30, 2007, this court issued an order allowing process to issue. (Doc. No. 8).

On September 17, 2007, mail addressed to the plaintiff was returned to the court marked as "undeliverable". (Doc. No. 23). The clerk then phoned the Lackawanna County Prison and was informed that the inmate was released on September 5, 2007, with no further information being available.

The plaintiff's failure to inform this court of a change of address constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b), which states in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the <u>sua sponte</u> dismissal of actions against a defendant. "As was said in <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-631 (1962) where the plaintiff argued that FRCP 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the District Court's power should be implied. 'The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power" governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" <u>Kenney v. California Tanker Co.</u> 381 F.2d 775, 777 (3d Cir. 1967).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with the local rules and orders issued by this court. Moreover,

2

such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: October 22, 2007**
O:\shared\REPORTS\2007 Reports\07-0963.01.wpd